IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

CHRISTINE ANDERSON,

        Plaintiff,                        Civil Action No. _____

v.

REEDS JEWELERS, INC.,

        Defendant.

## DEFENDANT REEDS JEWELERS, INC.'S
## MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Reed's Jeweler's Inc. ("Defendant"), by and through the undersigned legal counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby files this Memorandum in Support of its Motion to Dismiss.

## INTRODUCTION

Plaintiff Christine Anderson ("Plaintiff") was employed by Defendant as an Assistant Store Manager in Defendant's Virginia Beach, Virginia location. While she was working for Defendant, a group of unidentified individuals allegedly engaged in fraudulent criminal activity by purchasing Rolex watches on credit, selling those watches for cash, and subsequently defaulting on the financial obligation undertaken in these purchases. Plaintiff has not identified in the Complaint the employees of Defendant who were allegedly involved in such criminal activity. Plaintiff alleges only that she informed several members of management about the activity, who allegedly ignored her warning. In or about February 2015, one of the financial lending companies allegedly began investigating the high number of "defaults" at Defendant's

store, at which the Plaintiff was the Assistant Manager. In April 2015, the Plaintiff's employment was terminated.

In her Complaint, Plaintiff alleges that the Defendant is liable for wrongful termination in violation of public policy (Count I), tortious interference with business expectancy (Count II), and common law conspiracy (Count III). Defendant asks this Court to grant its Motion to Dismiss as to each of those three Counts for the reasons set forth below.

First, Plaintiff fails to plead sufficient facts to support a claim of wrongful termination in violation of public policy. Plaintiff claims that she was terminated because she refused to engage in the criminal activity. However, Plaintiff fails to plead that she was asked by Defendant's management to engage in the criminal activity under threat of discharge, and that she refused to do so. Moreover, Plaintiff fails to plead any facts to support the legal conclusion that her discharge had any causal relationship with her alleged refusal to engage in criminal activity.

Second, Plaintiff fails to plead sufficient facts to support a claim of tortious interference with a business expectancy. In fact, Plaintiff fails to point to any specific, existing contract or business expectancy by and between two identifiable parties. Rather, Plaintiff generally alleges that unidentified representatives of the Defendant told unidentified third parties in the community that she was involved in the underlying criminal acts mentioned above, an action which caused speculative harm.

Third, Plaintiff fails to plead sufficient facts to support a claim for common law conspiracy. Specifically, Plaintiff has not plead sufficient facts to support claims for termination in violation of public policy or for tortious interference, and has not plead any underlying unlawful act. Moreover, Plaintiff fails to satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b) because the Complaint generally points to Defendant and the other

individuals allegedly involved in the criminal activity with broad and summary allegations, rather than identifying specific factual allegations involving specific individuals. Finally, Plaintiff has not alleged the elements necessary to support a conspiracy claim. For example, Plaintiff has not plead any facts to support the legal conclusion that Defendant agreed with any other individuals to defraud financing companies.

## **PLAINTIFF'S FACTUAL ALLEGATIONS**

1. Defendant is a retail jewelry company that sells jewelry and brand-name watches, including Rolex watches. (Compl. ¶ 4).

2. Plaintiff Christine Anderson ("Plaintiff") was an Assistant Store Manager at Defendant's Virginia Beach, Virginia location. (*Id.* ¶ 5).

3. Plaintiff alleges that in or about October 2014, a small group of unidentified individuals called "handlers" would bring young unidentified individuals serving in the military called "buyers" into the Virginia Beach location and then would request credit from Defendant's lending partners with assistance from unidentified Defendant's employees to purchase jewelry. (*Id.* ¶ 8).

4. Plaintiff alleges that the "buyers" would then sell the jewelry to the "handlers" for cash, an amount which was below the amount that was actually financed. (*Id.* ¶ 9).

5. Plaintiff alleges that she informed several members of Defendant's management who "ignored" her complaints. (*Id.* ¶¶ 11-12).

6. Plaintiff alleges that in or about February 2015, a financial lender began investigating the recent increase in loan defaults involving the Virginia Beach location. (*Id.* ¶ 14).

7. In late March 2015, Plaintiff alleges that the Loss Prevention Manager visited Plaintiff at the store "and claimed ignorance of [Plaintiff's] prior pleas for help regarding the scheme." (*Id.*).

8. Defendant terminated Plaintiff's employment on April 18, 2015. (*Id.* ¶ 6).

9. Plaintiff alleges that "[a]t the time of firing and since then, [Defendant] representatives have continually disparaged [Plaintiff's] character and continually alleged that [Plaintiff] is being or will be investigated by law enforcement agencies…" (*Id.* ¶ 15).

## LEGAL ARGUMENT

### I. STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule 12(b)(6), a plaintiff is obligated to "provide the grounds of his entitlement to relief," including "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008); *Qwest Communications Corp. v. Maryland-National Capital Park & Planning Comm'n*, 553 F. Supp. 2d 572, 574 (D. Md. 2008). A complaint may withstand a motion to dismiss if it contains plausible factual allegations that demonstrate something more than the "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). Satisfying this obligation "requires more than labels and conclusions…[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Although a court evaluating a defendant's motion to dismiss must assume that *all facts* alleged in the complaint are true, the court need not accept unsupported legal allegations. *Revene v. Charles County Comm'rs*, 882 F. 2d 870, 873 (4th Cir. 1989). Nor must it accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Conclusory assertions are simply insufficient to surpass the requirements of Rule 12(b)(6). *See Giarratano*, 521 F. 3d at 304.

To pass muster under Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief *above the speculative level*...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. (emphasis added) ("[T]he pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")

## II. PLAINTIFF FAILS TO PLEAD SUFFICIENT FACTS TO SUPPORT A CLAIM OF WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

In Count I, Plaintiff alleges that Defendant wrongfully discharged Plaintiff in violation of public policy "due to her refusal to continue engage [sic] in criminal acts." (Compl. ¶ 24). Plaintiff, however, has failed to plead that (1) she was asked by the Defendant and refused to engage in unlawful acts; and (2) that her discharge was caused by her alleged refusal to engage in a criminal act.

The Commonwealth of Virginia "strongly adheres to the employment-at-will doctrine," *Lockhart v. Commonwealth Educ. Sys. Corp.*, 247 Va. 98, 102 (Va. 1994), but application of this doctrine is not absolute. Virginia has recognized a "narrow exception" to the employment-at-will doctrine when discharge is based on an employee's refusal to engage in a criminal act. *VanBuren v. Grubb*, 471 F. App'x 228, 233 (4th Cir. 2012) (citing *Rowan v. Tractor Supply Co.*, 263 Va. 209, 213, 559 S.E.2d 709 (2002)). The wrongful discharge exception was created because the "[Virginia] General Assembly did not intend that the employment-at-will doctrine... serve as a shield for employers who seek to force their employees, under the threat of discharge, to engage in criminal activity." *Mitchem v. Counts*, 259 Va. 179, 190, 523 S.E.2d 246 (2000).

5

Plaintiff has failed to sufficiently plead a claim for wrongful discharge in violation of public policy. In *Mitchem v. Counts*, the Virginia Supreme Court held that an employer may not discharge an employee for refusing to engage in clearly unlawful act without facing civil liability. 523 S.E.2d 246, 253 (Va. 2000). "The refusal to perform an unlawful act element… serves as a benchmark preventing this exception from swallowing the employment at-will doctrine…" *Swain v. Adventa Hospice, Inc.*, 2003 U.S. Dist. LEXIS 22753, at *6 (W.D. Va. Dec. 12, 2003). Plaintiff failed to sufficiently plead that she refused to perform an unlawful act.

For example, in *Mitchem*, an employee alleged that her employer—an insurance agent—sexually harassed her by massaging her shoulders, patting her buttocks, trying to pull her into his lap and kiss her, and otherwise touching her against her will. 523 S.E.2d at 248 (Va. 2000). The employee maintained that her employer fired her after she spurned his advances and refused to engage in a sexual relationship with him. *Id.* She brought a wrongful-discharge claim against him, alleging, among other things, that her discharge violated the public policy underlying Virginia's criminal statutes proscribing fornication and lewd and lascivious cohabitation. *Id.* at 248-49. Because the employee would have violated these statutes if she had entered into the sexual relationship with her employer, the Supreme Court of Virginia determined that the employer violated Virginia public policy when he terminated her for refusing to engage in such a relationship. *See id.* at 252. As a result, it held that she stated a cognizable wrongful-discharge claim. *See id.*

In her Complaint, Plaintiff does not plead that any of Defendant's management asked her to engage in the alleged criminal activity under the threat of discharge or that she refused management's overture for her to engage in the alleged criminal activity. In fact, Plaintiff only pleads that she allegedly informed management of the criminal activity and that they "ignored"

6

her. (Compl. ¶¶ 11-12). "[W]ithout a refusal to perform an unlawful act element, very little would focus the factual inquiry, and the employment at-will doctrine would lose considerable vitality." *Swain*, 2003 U.S. Dist. LEXIS 22753, at *6.

Second, Plaintiff failed to plead any facts to support the legal conclusion that her discharge was caused by her alleged refusal to engage in a criminal act. To establish a claim for wrongful discharge in violation of public policy, Plaintiff must establish that: (1) she was terminated; (2) her termination violated a public policy of Virginia; and (3) there is a causal link between her termination and the named public policy. *See VanBuren*, 471 F. App'x at 233 (emphasis added).

In Paragraph 24 of the Complaint, Plaintiff alleges the legal conclusion that "Defendant wrongfully discharged Plaintiff in violation of the public policy of the Commonwealth due to her refusal to continue engage in criminal acts." (Compl. ¶ 24). However, Plaintiff alleges no facts to support that legal conclusion. In the factual allegations of the Complaint, Plaintiff merely alleges that the Loss Prevention Manager visited Plaintiff at the store and "claimed ignorance" and that "[s]hortly thereafter" Defendant fired Plaintiff. (*Id.* ¶ 14 & 15). Plaintiff did not state any facts reflecting a causal link between an alleged refusal to engage in a criminal act under the threat of discharge and her discharge. "[T]he pleading must contain something more…than…a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555.

For the foregoing reasons, Plaintiff has failed to plead sufficient facts to support a claim of wrongful termination in violation of public policy, and Defendant asks the Court to dismiss Count I in its entirety.

### III. PLAINTIFF FAILS TO PLEAD SUFFICIENT FACTS TO SUPPORT A CLAIM OF TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

In Count II of the Complaint, the Plaintiff alleges that Defendant tortiously interfered with her prospective business relations when Defendant's "representatives have alleged to others within the community" that Plaintiff was fired for participating in the alleged criminal conduct. (Compl. ¶ 30). Under Virginia law, to state a claim for tortious interference with business expectancy, a plaintiff must: "(1) demonstrate the existence of a business relationship or expectancy, with a probability of future economic benefit; (2) prove knowledge of the relationship or expectancy; (3) show that it was reasonably certain that absent intentional misconduct, the claimant would have continued in the relationship or realized the expectancy; and (4) show that it suffered damages from the interference." *Commerce Funding Corp. v. Worldwide Sec. Servs. Corp.*, 249 F.3d 204, 213 (4th Cir.2001).

Under Virginia law, a plaintiff's failure to allege a "specific, existing contract or business expectancy" with which the defendant has allegedly interfered is "fatal to the claim." *Masco Contractor Servs. E., Inc. v. Beals*, 279 F. Supp. 2d 699, 709-10 (E.D. Va. 2003). Further, a plaintiff's mere "'belief and hope that a business relationship will continue is inadequate to sustain the cause of action.'" *Southprint, Inc. v. H3, Inc.*, 208 F. App'x 249, 253 (4th Cir. 2006) (quoting *Commercial Bus. Sys., Inc. v. Halifax Corp.*, 253 Va. 292, 301, 484 S.E.2d 892 (1997)). Rather, a valid business expectancy requires "expectancy by and between two parties at least, based upon something that is a concrete move in that direction." *Gov't Employees Ins. Co. v. Google, Inc.*, 330 F. Supp. 2d 700, 705 (E.D. Va. 2004) (internal quotations omitted).

Plaintiff has failed to plead any facts that would establish a specific, existing contract or business expectancy by and between two identifiable parties. Rather, the Plaintiff generally alleges that unidentified representatives of the Defendant told unidentified persons in the

8

community that Plaintiff was involved in the underlying criminal act; an action which caused speculative harm. "The purpose of laws against tortious interference is not to protect consumers or the operation of the marketplace generally." *Masco Contr. Servs. East, Inc.*, 279 F. Supp. 2d at 709. "Rather, these causes of action provide a legal remedy where a particular party's specific, existing contract or business expectancy or opportunity has been interfered with in a tortious manner. Thus, the first element that a party claiming under either of these torts must prove is the existence of some specific contract or relationship. Failure to allege any specific, existing economic interest is fatal to the claim." *Id; see e.g., Advanfort Co. v. Int'l Registries, Inc.*, No. 1:15-CV-220, 2015 U.S. Dist. LEXIS 62125, at *12 (E.D. Va. May 12, 2015) (holding that the plaintiffs' allegations were insufficient to state a claim for tortious interference where the plaintiffs "failed to identify any specific contract or business expectancy" with which the defendants allegedly interfered and "instead only allege[d] that they 'had contractual relationships with various customers'").

In conclusion, Plaintiff has failed to plead sufficient facts to support a claim of tortious interference with business expectancy. As such, Defendants asks the Court to dismiss Count II in its entirety.

### IV. PLAINTIFF FAILS TO PLEAD SUFFICIENT FACTS TO SUPPORT A CLAIM OF COMMON LAW CONSPIRACY

In Count III of the Complaint, the Plaintiff alleges that Defendant engaged in a common law conspiracy when "Defendant engaged in a tacit agreement with the above-mention 'handlers' and conspired with these 'handlers'" to defraud financial lending institutions, breach contractual and fiduciary duties owed to Rolex, and fired the Plaintiff in violation of public policy. (Compl. ¶ 36). Common law conspiracy requires "(i) an agreement between two or more persons (ii) to accomplish an unlawful purpose or to accomplish a lawful purpose by

unlawful means, which (iii) results in damage to plaintiff." *Firestone v. Wiley*, 485 F. Supp. 2d 694, 703 (E.D. Va. 2007) (citing *Glass v. Glass*, 228 Va. 39, 321 S.E.2d 69 (Va. 1984)).

Plaintiff has failed to plead sufficient facts to support a claim for civil conspiracy. As explained above, Plaintiff has failed to plead sufficient facts to plausibly claim an underlying unlawful purposes or unlawful means by the Defendant or its agents. Actions for common law civil conspiracy lie only if a plaintiff sustains damages as a result of an act that is itself wrongful or tortious. *See Beck v. Prupis*, 529 U.S. 494, 501, 120 S. Ct. 1608, 146 L. Ed.2d 561 (2000); *see also Almy v. Grisham*, 273 Va. 68, 80, 639 S.E.2d 182, 188 (2007) ("[I]n Virginia, a common law claim for civil conspiracy generally requires proof that the underlying tort was committed."); *Werth v. Fire Cos' Adjustment Bureau, Inc.*, 160 Va. 845, 855 (Va. 1933)("'To give action there must not only be conspiracy, but conspiracy to do a wrongful act.'"). Therefore, without "the underlying tort, there can be no conspiracy to commit the tort." *Commercial Bus. Sys. v. Halifax Corp.*, 253 Va. 292, 300, 484 S.E.2d 892 (1997).

As explained above, Plaintiff failed to state claims for termination in violation of public policy or for tortious interference. Without "the underlying tort, there can be no conspiracy to commit the tort." *Commercial Bus. Sys. v. Halifax Corp.*, 253 Va. 292, 300 (Va. 1997). Therefore, because Plaintiff's underlying tort claims fail, Plaintiff has also failed to state a claim for civil conspiracy. *See DataCell Ehf v. Visa, Inc.*, 2015 U.S. Dist. LEXIS 100494 (E.D. Va. July 30, 2015)(granting motion to dismiss as to a civil conspiracy claim because the plaintiff failed to plead sufficient facts to plausibly state claims for violation of antitrust laws or for tortious interference); *see also Virginia Vermiculite, Ltd. v. Historic Green Springs, Inc.*, 307 F.3d 277, 284 (4th Cir. 2002) (no statutory conspiracy claim where there was no underlying violation); *Microstrategy Services Corp. v. OpenRisk, LLC*, 2015 U.S. Dist. LEXIS 59347, at *2

(E.D. Va. May 6, 2015) (dismissing common law conspiracy claims where the underlying tort claim failed); *Citizens for Fauquier County v. SPR Corp.*, 37 Va. Cir. 44, 1995 WL 1055819, *5 (Va. Cir. 1995) ("Where there is no actionable claim for the underlying alleged wrong, there can be no action for civil conspiracy based on that wrong.").

Further, Plaintiff fails to satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b) because the Complaint refers to the Defendant and some unidentified "handlers," rather than stating specific factual allegations involving specific individuals. Under Federal Rule of Civil Procedure 9(b), "the circumstances required to be pled with particularity... are the time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999); Fed. R. Civ. P. 9(b). Rule 9(b) applies to allegations of conspiracy to defraud. *Harrison*, 176 F.3d at 790.

Paragraphs 8 through 15 and 36-39, refer broadly to the Defendant and the alleged "handlers" of "young unidentified individuals serving in the military," but the Complaint makes no mention of any specific employee of Defendant or any specific "handler" of the "unidentified" young military personnel who engaged in the alleged criminal enterprise. Instead, they allege in conclusory fashion the Defendant engaged in these unlawful activities. "Rule 9(b) requires that allegations of fraud be pled with specificity [and] [g]rouping defendants together in a pleading fails to satisfy the requirement that the who, what, when, where why and how, be pled with specificity." *Iron Workers Local 16 Pension Fund v. Hilb Rogal & Hobbs Co.*, 432 F.Supp.2d 571, 579 (E.D.Va. 2006). The lack of specific allegations against individual defendants or other third parties that would satisfy the exacting requirements of Rule 9(b) further supports the dismissal of Plaintiff's civil conspiracy claim. *See Feeley v. Total Realty Mgmt.*,

11

660 F. Supp. 2d 700, 712 (E.D. Va. 2009) (granting defendants' motion to dismiss because the Complaint failed to satisfy Rule 9(b) because the Complaint grouped the defendants together with broad allegations instead to making specific factual allegations against individual defendants).

Finally, even if Plaintiff could overcome the fact that her underlying tort claims should be dismissed for lack of particularity, Plaintiff has not alleged the necessary elements to support a conspiracy claim. For example, Plaintiff has not plead any facts to support the legal conclusion that Defendant agreed to collaborate in some manner with the unnamed "handlers" of unnamed U.S. military personnel ("buyers") to defraud financial institutions. At a minimum, Plaintiff would need to identify the specific employees who allegedly entered into these alleged agreements, or the specific "buyers" or "handlers" who orchestrated this alleged scheme. "Conspiracy is not established simpl[y] by lumping the defendants altogether because the heart of conspiracy is an agreement and a conscious decision by each defendant to join it." *Jaggars v. Sandy Spring Bank*, 2014 U.S. Dist. LEXIS 119875, at *3 (W.D. Va. Aug. 28, 2014) (quoting *SD3, LLC v. Black & Decker (U.S.), Inc.*, 2014 U.S. Dist. LEXIS 96256, at *3 (E.D. Va. Jul. 15, 2014)) (internal quotations omitted). To survive a motion to dismiss, Plaintiff must plead sufficient facts to show that each of the parties to the conspiracy were involved in the requisite concert of action and unity of purpose. The Supreme Court "requires more than labels and conclusions...[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

For the foregoing reasons, Plaintiff has failed to plead sufficient facts to support a claim of common law conspiracy, and the Defendant asks this Court to dismiss Count III in its entirety.

## Conclusion

For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion to Dismiss.

Dated: December 27, 2016

Respectfully submitted,
**REEDS JEWELERS, INC.**

By: _____
Counsel

Thomas M. Lucas (VBA No. 27274)
Ramsay C. McCullough (VBA No. No. 87014)
JACKSON LEWIS PC
500 E. Main St., Suite 800
Norfolk, Virginia 23510
Phone: (757) 648-1424
Fax: (757) 648-1418
Thomas.lucas@jacksonlewis.com
*Counsel for Reeds Jewelers, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Todd M. Gaynor, Esq.
        Gaynor Law Center, P.C.
        440 Monticello Avenue
        Suite 1825A
        Norfolk, Virginia 23510


By: _____
                Counsel
Thomas M. Lucas (VBA No. 27274)
Ramsay C. McCullough (VBA No. No. 87014)
JACKSON LEWIS PC
500 E. Main St., Suite 800
Norfolk, Virginia 23510
Phone: (757) 648-1424
Fax: (757) 648-1418
Thomas.lucas@jacksonlewis.com
*Counsel for Reeds Jewelers, Inc.*

4841-0421-8430, v. 1